AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| | | |
|---|---|---|
| Ewan Leask<br>*Plaintiff*<br>v.<br>City of Minneapolis; and Minneapolis Police Officer Jeffrey Pennaz, in his individual and official capacities<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.   22-cv-2481 (NEB/DTS) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:            United States Attorney's Office District of Minnesota Civil Division

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  Please see the topics for the 30(b)(6) deposition in attached Exhibit A.  Pursuant to Fed. R. Civ. P. 30(b)(6) you are advised of your duty to confer with the serving party and to designate each person who will testify in response to the topics in Exhibit A.

| Place: | Minneapolis City Attorney's Office<br>City Hall, Room 210<br>350 South 5th Street<br>Minneapolis, MN 55415 | Date and Time:<br><br>December 1, 2023, at 9:30 a.m. |
|---|---|---|

The deposition will be recorded by this method:  stenographically

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Please see attached Exhibit B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR   /s/ Heather Robertson

_____                          _____
Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
City of Minneapolis                                                            , who issues or requests this subpoena, are:
Heather Robertson, Minneapolis City Attorney's Office, City Hall, Room 210, 350 South 5th Street, Minneapolis, MN 55415, heather.robertson@minneapolismn.gov, (612) 299-2742

1                                                                                                                          Ex. K

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

## **DEFINITIONS**

1. The term "you" or "your" refers to United States Attorney's Office District of Minnesota Civil Division and any current, former or future agents, employees, investigators, representatives, attorneys, consultants, sources, or anyone acting on its behalf or at its request, including experts, clinicians, and statisticians.

2. The term "Report" refers to "Investigation of the City of Minneapolis and the Minneapolis Police Department" published on June 16, 2023 and available here: [https://www.justice.gov/opa/pr/justice-department-finds-civil-rights-violations-minneapolis-police-department-and-city](https://www.justice.gov/opa/pr/justice-department-finds-civil-rights-violations-minneapolis-police-department-and-city)

3. The term "First Amendment Section" refers to section C, pages 48-56, of the Report.

4. The term "MPD" refers to the Minneapolis Police Department.

5. The term "City" refers to the City of Minneapolis.

6. The term "identify" when used in relation to a person means to be able to relate their name, title, profession, place of employment, and contact information, including phone number, address, email, or social media contact information.

1

7. The term "document" means any documents and electronically stored information as defined by Fed. R. Civ. P. Rule 34(a)(1)(A) as well as any photographs, videos, text messages, emails, correspondence, social media posts, articles, notes, memoranda, contracts, agreements, bills, invoices, cell phone data, and any and all other visual representations, records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into readable or viewable form.

## TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deponent, United States Attorney's Office District of Minnesota Civil Division, must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and this or these designee(s) should be prepared to testify regarding the following areas of inquiry:

1. The individuals who contributed to or informed the research, writing, investigation for, and findings contained in the First Amendment Section of the Report, what contributions or information each of those individuals added to the First Amendment Section, and what special qualifications those individuals have for such contributions, if any.

2. The identity and credentials of any law enforcement experts or statisticians (see references on pages 7-8 of the Report) or any other subject-matter expert consulted in reaching the conclusions in the First Amendment Section.

3. Page 48 of the Report states, "To assess MPD's conduct at protests, we reviewed hundreds of body-worn camera videos from 22 different protest events that occurred between 2016 and the present."  Please be prepared to:

    a. Identify by date, time, and location, the 22 different protest events for which you reviewed body-worn camera video.

    b. Enumerate how many "protest events" occurred in the City between 2016 and the date of the Report, even if you did not review body-worn camera video from those events, and identify the dates, times, and locations of those "protest events."

    c. Enumerate how many videos you reviewed from each protest event, the duration of those videos, and identify which videos you believe support the conclusions or findings the First Amendment Section.

    d. Discuss how you chose which videos to review and what percentage of the total number of protest-related body-worn camera footage supplied to you by the City of Minneapolis was reviewed.

4. Page 48 of the Report states, "We spoke to scores of individuals who had information about MPD's protest response, including protesters, journalists,

3

community advocates, attorneys in relevant litigation, and MPD supervisors and line officers." Please be prepared to:

    a. Identify the individuals you spoke to and to which of the above-listed categories they pertain.

    b. Recount the information and identify any documents provided to or from those individuals.

    c. Discuss communications to or from those individuals, including documents produced in response to Request 2 in Exhibit B.

    d. Define what you consider to be "relevant litigation", identify which lawsuits you are referring to, and explain why and how you chose to speak to individuals and attorneys from those lawsuits.

    e. Identify other pattern and practice investigations within your knowledge conducted pursuant to 34 U.S.C. § 12601 in which the investigating agency spoke with "attorneys in relevant litigation."

5. Page 49 of the Report states "MPD officers regularly use 40 mm launchers-firearms that shoot impact projectiles, like rubber bullets-against protesters who are committing no crime or who are dispersing." Please be prepared to:

    a. Identify the body-worn camera videos showing instances of this behavior.

    b. Identify and explain what other evidence, if any, supports the conclusion or finding that MPD officers were specifically aiming at protestors who were committing no crime or who were dispersing

6. Page 49 of the Report states, "In one incident, an MPD officer shot several times toward a distant crowd, even though he had no clear target, limited visibility, and was-according to MPD training-too far away to ensure accuracy. Around the same time, a nearby journalist was hit by a rubber bullet and lost her eye."  Please be prepared to:

    a. Explain your basis for the conclusions or finding that the officer had no clear target and was too far away to ensure accuracy

    b. Explain your basis for concluding that "a nearby journalist was hit by a rubber bullet and lost her eye."

7. Page 49 of the Report states "Shortly afterward, the officers congratulated one another for hitting fleeing protesters with rubber bullets: 'You hit him! Nice!'"  Please be prepared to:

    a. Identify the date, time and location of this incident and the officers allegedly involved.

    b. Explain your basis for concluding that the officers were intentionally targeting protestors who were fleeing or hit a fleeing protestor.

8. Page 54 of the Report states, "Nevertheless, MPD's policies still fail to clarify basic First Amendment requirements, including details about the scope of First Amendment protections and how to handle media at protests." Please be prepared to identify the specific MPD policies, in place at the time the Report was published in June of 2023, that were still deficient according to you and to explain why.

9. Page 54-55 of the Report sates, "Despite the repeated police misconduct that we observed at protests between 2016 and the present, MPD has only disciplined officers for their conduct at protests in connection with five incidents over that seven-year period." Please be prepared to:

    a. Identify how many incidents over the seven-year period you believe merited or required discipline and upon what basis you made that conclusion or finding.

    b. Enumerate how many observed incidences support your contention or finding of "repeated police misconduct we observed at protests" and identify when and where those incidences occurred and who was involved

10. Page 55 of the Report states, "During protests in May 2020, an officer saw a sergeant indicate a group of protesters yelling at police from behind a fence.

6

The sergeant told an officer, 'I'll give you a pack of beer if you hit them with a 40 mm round.'" Please be prepared to:

    a. Identify the date, time, and location of this incident and the officers allegedly involved.

11. The "publicly available evidence, including evidence submitted during relevant litigation and videos and accounts from citizens and journalists" referenced on page 48 of the Report, that you relied upon in reaching your conclusions or findings

12. The definition for the term "protestor" as used in the Report.

13. The definition of the terms " journalist" or "media" as used in the Report.

14. The definition of the term "community advocate" as used in the Report.

7

## Exhibit B

## DEFINITIONS

1. The term "document" means any documents and electronically stored information as defined by Fed. R. Civ. P. Rule 34(a)(1)(A) as well as any photographs, videos, text messages, emails, correspondence, social media posts, articles, notes, memoranda, contracts, agreements, bills, invoices, cell phone data, and any and all other visual representations, records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into readable or viewable form.

2. The term "Report" refers to the "Investigation of the City of Minneapolis and the Minneapolis Police Department" published on June 16, 2023 and publicly available here: https://www.justice.gov/opa/pr/justice-department-finds-civil-rights-violations-minneapolis-police-department-and-city

3. The term "First Amendment Section" refers to section C, pages 48-56, of the Report.

## INSTRUCTIONS

1. Please see the attached Protective Order governing document production in this case.

2. Documents should be produced in text-searchable .pdf format with the exception of presentations, photographs, and videos which shall be produced in native format where possible.

### REQUESTS

1. Page 48 of the DOJ Report states, "We also reviewed publicly available evidence, including evidence submitted during relevant litigation and videos and accounts from citizens and journalists." Produce the evidence referred to.

2. Produce any documents consisting of, containing, referring to, or memorializing communications with the "scores of individuals who had information about MPD's protest response, including protesters, journalists, community advocates, attorneys in relevant litigation, and MPD supervisors and line officers" as stated on page 48 of the Report.

3. Produce any "statistical analyses" performed by you related to the First Amendment Section findings, as stated on page 7 of the Report.