UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ewan Leask, | Case No. 20-CV-2481 (NEB/DTS) |
| Plaintiff, | |
| v. | **DEFENDANT CITY OF MINNEAPOLIS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| City of Minneapolis, et al., | |
| Defendants. | |

## GENERAL OBJECTIONS

Defendant City of Minneapolis (hereinafter "City") makes the following General Objections to Plaintiff's First Set of Requests for Production of Documents ("Document Requests"):

1. Regardless of Plaintiff's instructions and definitions, The City does not undertake any obligation to respond to Plaintiff's Document Requests other than those obligations set forth in the Federal Rules of Civil Procedure.

2. The City objects to Plaintiff's Document Requests to the extent that they are unbound in time and seek information not proportional to the needs of the case, considering the importance of the issues at stake in this action, the importance of resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit.

Ex. Q

3. The City objects to Plaintiff's Document Requests to the extent that they request privileged information not subject to discovery, including information protected by the attorney-client privilege, work product doctrine or any other privilege or protective doctrines.

4. The City objects to Plaintiff's Document Requests to the extent that they assume, imply, or require legal conclusions.

5. The City objects to Plaintiff's Document Requests to the extent that they seek information already in the custody and control of the Plaintiff.

6. The City objects to Plaintiff's Document Requests to the extent they are premature at this stage of the action, including but not limited to any effort to seek information concerning the City's contentions or potential affirmative defenses to the action prior to the close of discovery in this case.

7. The City objects to Plaintiff's Document Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, duplicative, oppressive, harassing, or that they seek to require that the City undertake an unreasonable investigation.

8. The City objects to Plaintiff's Document Requests to the extent that they seek information in the possession and/or control of other parties, unidentified parties, parties that have not been served in this matter, and entities

that are not parties to this lawsuit, including, but not limited to, John Does, and Minnesota National Guard, and Minnesota State Patrol.

9. The City objects to Plaintiff's Document Requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

10. The City objects to Plaintiff's Document Requests to the extent they seek confidential information, including but not limited to, private personnel data, law enforcement information, and other private, non-public data. The City will produce relevant, non-privileged documents pursuant to the terms of the Protective Order in this matter.

11. In providing these Responses, the City does not in any manner waive:

a. All objections relating to competence, relevance, materiality, privilege and admissibility;

b. All rights to object, on any grounds, to the use of these Responses, or information or documents provided in response to these Document Requests, in any other or subsequent proceedings, including any hearing in this or any other action;

c. All rights to object on any grounds to any further discovery requests involving or related to the subject matter of any of these Document Requests; and

d. All rights to supplement and/or amend these Responses based on recollections of persons presently unavailable or based upon the discovery of additional documents or evidence.

Ex. Q

12. The City objects to the Plaintiff's requests for electronically stored data or metadata to the extent it is overly broad, unduly burdensome, or not maintained by the City in the regular course of business.

13. Each of these General Objections is incorporated into The City's Responses to each Document Request as if fully stated therein.

14. These General Objections and Responses are based on information currently known. The City reserves the right to amend, modify or supplement these General Objections and Responses to the fullest extent permitted by all applicable Rules and Court Orders.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:** All documents, from May 25, 2020 to the present, related to whether Defendant City of Minneapolis took any remedial action to curb or punish the serial constitutional violations by its police officers, including but not limited to documents related to investigation into, or corrective action imposed on current or former Minneapolis police officers as a result of, a code of silence, excessive force (especially through improper deployment of 40mm rounds), underreporting of excessive force, or refusal to participate in an investigation of excessive force.

**RESPONSE:** The City objects to this Request as being vague and ambiguous, particularly as to "code of silence" and "serial constitutional

Ex. Q

violations," and deny the implication that these customs exist. The City also objects to this Request as being overly broad and seeking information that is unlikely to lead to the discovery of admissible evidence, particularly in so far as it seeks information relating to complaints about uses of force that bear no similarity to the Plaintiff's particular allegations, which relate solely to the use of 40 mm projectiles, and seeking information relating to failing to cooperate with investigations as there is no allegation that Plaintiff made any complaint that was not investigated. Subject to and without waiving these and the foregoing General Objections, within 45 days of serving these responses the City will produce any internal investigation or Office of Police Conduct Review files relating to 40mm projectile use from May 25, 2020 to present.

**REQUEST NO. 2:** All documents, including but not limited to video footage, that relate in any way to the Lawsuit, the incident sued upon, or the allegations contained in the Complaint or your Answer.

**RESPONSE:** The City objects to this Request as being vague, ambiguous, seeking information that is unlikely to lead to the discovery of admissible evidence, and requesting information that is equally available to Plaintiff. The City also objects to this Request as being overly broad, particularly as Plaintiff's Complaint contains factual allegations that relate to multiple incidents and occurrences that are not related to the factual allegations underlying Plaintiff's

legal claim or the "incident sued upon" as defined by Plaintiff. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures which contain all the police supplements regarding the response to the protests and riots from May 26-May 31 and video footage from body worn camera video that captures the area and time where Plaintiff alleged that he was injured.  Within 30 days of serving these responses the City will produce additional footage of Lake Street and Minnehaha that may show Leask entering or leaving the area based on his testimony at deposition.  Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 3:** All documents you reviewed or relied on in preparing your initial disclosures, Answer, or responses to Plaintiff's discovery requests.

**RESPONSE:** The City objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and seeking information that is unlikely to lead to the discovery of admissible evidence. The City also objects to this Request as calling for the disclosure of information protected by the work product doctrine or attorney-client privilege. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures and forthcoming document production. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

Ex. Q

**REQUEST NO. 4**: All documents that constitute, mention, refer to, or relate to correspondence or communication between you and any person(s) you anticipate calling or intend to call as a fact or expert witness at a deposition, hearing, or trial in the Lawsuit, or between you and any person(s) regarding the Lawsuit, the incident sued upon, or the allegations contained in the Complaint or your Answer.

**RESPONSE:** The City objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and premature. The City also objects to this Request as calling for legal conclusions and the disclosure of information protected by the work product doctrine and attorney-client privilege. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 5:** Copies of all statements (written, record, or otherwise), declarations, affidavits, and/or reports provided by you to anyone, or to you from anyone, relating to the Lawsuit, the incident sued upon, or the allegations contained in the Complaint or your Answer.

**RESPONSE:** The City objects to this Request as being vague, ambiguous, seeking information that is unlikely to lead to the discovery of admissible evidence, and requesting information that is equally available to Plaintiff. The City also objects to this Request as being overly broad, particularly as Plaintiff's

Complaint contains factual allegations that relate to multiple incidents and occurrences that are not related to the factual allegations underlying Plaintiff's legal claim or the "incident sued upon" as defined by Plaintiff. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures. Within 30 days of serving these Responses the City will produce documentation of the 911 call and ambulance response related to Plaintiff's injury. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 6:** All documents to obtained through authorizations, releases, or subpoenas related to the Lawsuit, the incident sued upon, or the allegations contained in the Complaint or your Answer.

**RESPONSE:** The City objects to this Request as seeking information unlikely to lead to the discovery of admissible evidence, and as being unduly burdensome and overly broad, particularly as Plaintiff's Complaint contains factual allegations that relate to multiple incidents and occurrences that are not related to the factual allegations underlying Plaintiff's legal claim or the "incident sued upon" as defined by Plaintiff. Subject to and without waiving these and the foregoing General Objections, see the City's document production for the copy of Plaintiff's medical records obtained through the releases he signed. Discovery is

ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 7:** All documents related to your defenses, or which you may use for purposes of impeachment during a deposition, hearing, or trial.

**RESPONSE:** The City objects to this Request as being vague, ambiguous, overly broad, unduly burdensome, and premature. The City also objects to this Request as calling for legal conclusions and the disclosure of information protected by the work product doctrine. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures and forthcoming document production. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 8:** With regard to the 40mm round Jeffrey Pennaz fired that struck Plaintiff on May 27, 2020, all documents that have any tendency to show that it is more likely or less likely that Jeffrey Pennaz intentionally fired that 40mm round at Plaintiff's head.

**RESPONSE:** The City object to this Request as being overly broad, vague, and ambiguous and calling for attorney work-product. Subject to and without waiving these and the foregoing General Objections the City's Initial Disclosures. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures and Defendant Jeffrey Pennaz's Response to

9

Interrogatory 3. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 9:** All video footage, photographs, or similar documents provided by third parties to the City of Minneapolis or the Minneapolis Police Department, for any purpose, showing law enforcement officers using force at or near the Third Precinct in Minneapolis at approximately 7:17 p.m. on May 27, 2020.

**RESPONSE:** The City objects to this Request as being vague as to the time frame and geographic location referred to by the term "at or near" and "at approximately". Subject to and without waiving these and the foregoing General Objections, the City has no documents responsive to this Request. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 10:** All documents related to any Minneapolis Police Department or SWAT Team debrief regarding one or more George Floyd protests.

**RESPONSE:** The City objects to this Request as vague as to the meaning of "SWAT Team debrief" and "one or more George Floyd protests." The City further objects to this Request as overbroad to the extent it refers to protests that Plaintiff did not participate in and/or that occurred after Plaintiff's alleged injury. Subject to and without waiving these and the foregoing General Objections, the City has no documents responsive to this Request. Discovery is ongoing, and the City

reserves the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 11:** All documents related to any Subsequent Investigation of the incident sued upon.

**RESPONSE:** The City object to this Request as vague as to the meaning of "Subsequent Investigation." Defendant object to this request as calling for work product and privileged information. Defendant also objects to this Request as being overly broad, particularly as Plaintiff's Complaint contains factual allegations that relate to multiple incidents and occurrences that are not related to the factual allegations underlying Plaintiff's legal claim or the "incident sued upon" as defined by Plaintiff. Subject to and without waiving these and the foregoing General Objections, the City has no non-privileged documents responsive to this Request. Discovery is ongoing, and the City reserve the right to supplement this response as new information is sought and discovered.

**REQUEST NO. 12:** All documents reflecting or referring to the messaging or chat functions available as of May 27, 2020 through Minneapolis Police Department officers' laptop computers or phones related to Plaintiff, the allegations in the Complaint, or law enforcement officers using force on protesters at or near Lake Street and Minnehaha Avenue in Minneapolis at approximately 7:17 p.m. on May 27, 2020.

**RESPONSE:** The City objects to this Request as being vague as to the time frame and geographic location referred to by the term "at or near" and "at approximately" and seeking information that is unlikely to lead to the discovery of admissible evidence. The City also objects to this Request as being overly broad, particularly as Plaintiff's Complaint contains factual allegations that relate to multiple incidents and occurrences that are not related to the factual allegations underlying Plaintiff's legal claim or the "incident sued upon" as defined by Plaintiff. The City also objects to this Request as unduly burdensome as it would require searches of individual cellular phones of dozens of officers. Subject to and without waiving these and the foregoing General Objections, see the City's Initial Disclosures which contain information relayed to police officers from dispatch from May 26-May 31 and video footage from body worn camera video that captures the area and time where Plaintiff alleged that he was injured and would reveal whether any individual officers were using their communication devices at or around the time Plaintiff was injured. Discovery is ongoing, and the City reserves the right to supplement this response as new information is sought and discovered.

Dated: August 24, 2023               KRISTYN ANDERSON
                                     City Attorney
                                     By */s/ Heather Robertson*
                                     HEATHER ROBERTSON (#0390470)
                                     KRISTIN R. SARFF (#0388003)

SHARDA ENSLIN (#0390470)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3949
(612) 673-3919
(612) 673-2180
kristin.sarff@minneapolismn.gov
heather.robertson@minneapolismn.gov
sharda.enslin@minneapolismn.gov

*Attorneys for The City of Minneapolis*